1

2

3                                                              O

4

5                                                     JS - 6

6

7

8                    UNITED STATES DISTRICT COURT

9                    CENTRAL DISTRICT OF CALIFORNIA

10

11   WILLIAM CULFIN,                )   Case No. CV 10-02748 DDP (VBKx)
                                    )
12              Plaintiff,          )   **ORDER (1) CONVERTING DEFENDANT'S**
                                    )   **MOTION FOR JUDGMENT ON THE**
13         v.                       )   **PLEADINGS INTO A MOTION TO**
                                    )   **DISMISS AND (2) GRANTING**
14   IBEW LOCAL 11, and DOES 1      )   **DEFENDANT'S MOTION TO DISMISS**
     THROUGH 20, inclusive,         )   [Motion filed on May 13, 2010]
15                                  )
                Defendants.         )
16   _____ )

17        This matter comes before the Court on a Motion for Summary

18   Judgment filed by the defendant International Brotherhood of

19   Electrical Workers, Local 11 ("the Union").  As of the date of this

20   order, the plaintiff William Culfin ("Plaintiff") has not filed an

21   opposition.  After considering the papers submitted by the Union,

22   the Court grants the motion and adopts the following order.

23   **I.    BACKGROUND**

24        Plaintiff, an electrician and a member of the Union, was

25   dispatched to various job sites in Los Angeles County.  (Compl. ¶

26   4.)  Plaintiff's terms and conditions of employment were governed

27   by collective bargaining agreements signed by the Union and

28   employer contractors.  (Id. ¶ 5.)

1    The gravamen of Plaintiff's complaint is that from May 2007
2  through May 2009, agents of the Union slandered and harassed him by
3  telling others that he was not competent, failing to prosecute his
4  grievances, and subjecting him to excessive drug testing in
5  violation of the written drug testing policies.  (<u>Id.</u> ¶ 8.)
6  Plaintiff alleges that these acts amounted to "blacklisting" him.
7  (<u>Id.</u>)

8    On January 22, 2010, Plaintiff filed suit against Defendant in
9  Los Angeles Superior Court, alleging three causes of action: (1)
10  violation of public policy, (2) violation of the duty of fair
11  representation, and (3) unfair business practices.  After being
12  served with process on March 17, 2010, Defendant timely removed on
13  April 15, 2010.

14  **II.   PROCEDURAL POSTURE AND LEGAL STANDARD**

15    Federal Rule of Civil Procedure 12(c) provides that "[a]fter
16  the pleadings are closed but within such time as not to delay the
17  trial, any party may move for judgment on the pleadings."  Fed. R.
18  Civ. P. 12(c).  The Ninth Circuit has held that "the pleadings are
19  closed for the purposes of Rule 12(c) once a complaint and answer
20  have been filed," and that a motion for judgment on the pleadings
21  is "premature" where no answer has yet been filed.  <u>Doe v. United</u>
22  <u>States</u>, 419 F.3d 1058, 1061 (9th Cir. 2005).  However, where a
23  defendant files a motion for judgment on the pleadings prior to
24  filing an answer, "it is within the court's discretion whether to
25  treat the motion as one to dismiss or as one for summary judgment."
26  <u>Knight v. Storex Sys., Inc.</u>, 739 F. Supp. 739, 743 (N.D.N.Y. 1990)
27  (citing <u>Williams v. Walnut Park Plaza</u>, 68 F. Supp. 957, 959 (E.D.
28  Pa. 1946)); <u>cf.</u> <u>Elvig v. Calvin Prebyterian Church</u>, 375 F.3d 951,

1   954 (9th Cir. 2004) (treating a motion to dismiss pursuant to Rule
2   12(b)(6) that was filed after an answer as a motion for judgment on
3   the pleadings pursuant to Rule 12(c)).  Here, Defendant has not
4   filed an answer to the Complaint.  Therefore, the Court will treat
5   the motion for judgment on the pleadings as though it were a motion
6   to dismiss for failure to state a claim pursuant to Rule 12(b)(6).

7        Pursuant to Federal Rule of Civil Procedure 12(b)(6), a
8   complaint is subject to dismissal when the Plaintiff's allegations
9   fail to state a claim upon which relief can be granted.  When
10  considering a 12(b)(6) motion to dismiss for failure to state a
11  claim, "all allegations of material fact are accepted as true and
12  should be construed in the light most favorable to [the]
13  plaintiff." Resnick v. Hayes, 213 F.3d 433, 447 (9th Cir. 2000).

14       In Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009), the
15  Supreme Court explained that a court considering a 12(b)(6) motion
16  should first "identify[] pleadings that, because they are no more
17  than conclusions, are not entitled to the assumption of truth." Id.
18  Next, the court should identify the complaint's "well-pleaded
19  factual allegations, . . . assume their veracity and then determine
20  whether they plausibly give rise to an entitlement to relief." Id.;
21  see also Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir.
22  2009) ("In sum, for a complaint to survive a motion to dismiss, the
23  non-conclusory factual content, and reasonable inferences from that
24  content, must be plausibly suggestive of a claim entitling the
25  plaintiff to relief" (internal quotation marks omitted)).
26  ///
27  ///
28  ///

# III. DISCUSSION

### A.   Claims are Subject to Dismissal Under the Local Rules

Under the local rules, any opposition to a motion must be filed not later than twenty-one days before the hearing and failure to file a timely opposition may be deemed consent to granting the motion.  C.D. Cal. Civ. Local R. 7-9; 7-12.  Because this motion was noticed for a hearing on Monday, June 14, 2010, Plaintiff's opposition was due by no later than May 24, 2010.  As of the date of this Order, Plaintiff has not filed anything in response to Defendant's motion.  For that reason alone, it would be appropriate for the Court to grant the motion and dismiss the complaint with prejudice.  Nevertheless, a brief discussion of the merits of Defendant's motion is appropriate.

### B.   Claims are Subject to Dismissal on the Merits

#### 1.   First and Third Claims are Preempted

Plaintiff's first cause of action alleges that Defendant's "blacklisting" violated the public policy embodied in "the Fair Representation principles developed under the National Labor Relations Act (NLRA) and the Labor Management Relations Act (LMRA)" and other unspecified codes and regulations.  (Compl. ¶ 14.)  Plaintiff's third cause of action alleges that Defendant's blacklisting was a breach of the duty of fair representation constituting an unlawful and unfair business practice in violation of the California Business & Professions Code § 17200 et seq.  (Compl. ¶ 30-32.)

Unions have a federal statutory duty to represent their members fairly, a duty that "is inferred from unions' exclusive authority under the NLRA, 29 U.S.C. § 159(a), to represent all

4

1  employees in a bargaining unit." Moore v. Local Union 569 of Int'l
2  Bhd. of Elec. Workers, 989 F.2d 1534, 1540 (9th Cir. 1993), cert.
3  denied, 510 U.S. 1117 (1994).  Pursuant to the duty of fair
4  representation, a union has "a statutory obligation to serve the
5  interests of all members without hostility or discrimination toward
6  any, to exercise its discretion with complete good faith and
7  honesty, and to avoid arbitrary conduct." Air Line Pilots Ass'n,
8  Int'l v. O'Neill, 499 U.S. 65, 76 (1991).

9      This federal statutory duty "displaces state law that would
10  impose duties upon unions by virtue of their status as the workers'
11  exclusive collective bargaining representative." Adkins v.
12  Mireles, 526 F.3d 531, 539 (9th Cir. 2008).  Therefore, in order to
13  pursue a state law action against a union, "aggrieved workers must
14  make a showing of additional duties, if they exist beyond the
15  normal incidents of the union-employee relationship," with such
16  duties "deriv[ing] from sources other than the union's status as
17  its members' exclusive collective bargaining representative, such
18  as an express provision of the collective bargaining agreement or a
19  collateral contract." Id.  In addition, insofar as an employee's
20  action against her union is "substantially dependent" upon the
21  terms of a collective bargaining agreement, it is preempted by §
22  301 of the LMRA, 29 U.S.C. § 185.  Id.

23      Here, Plaintiff's first and third causes of action are both
24  preempted.  Although the first cause of action is styled as one
25  based on a "violation of public policy," and the third as an unfair
26  business practices claim, both hinge on the allegation that the
27  Union breached its duty of fair representation.  The first cause of
28  action states that the relevant public policy is one embodied in

1   the "Fair Representation principles" developed under the NLRA and
2   LMRA, (Compl. ¶ 14), while the third states that the unfair
3   business practice the Union engaged in was "deny[ing] its duty of
4   fair representation," (id. ¶29).  Thus, insofar as these causes of
5   action purport to state a state law cause of action premised on the
6   duty of fair representation, they are preempted.  In essence,
7   Plaintiff's complaint collapses into a single cause of action for
8   breach of the duty of fair representation, discussed further below.

9              2.   Second Cause of Action is Time-Barred

10      Plaintiff's second cause of action asserts that the Union
11  breached its duty of fair representation by "blacklisting"
12  Plaintiff between May 2007 and May 2009.

13      In DelCostello v. Teamsters, 462 U.S. 151, 169-71 (1983), the
14  Supreme Court held that a duty of fair representation against a
15  union is subject to a six-month statute of limitations, borrowed
16  from § 10(b) of the NLRA, 29 U.S.C. § 160(b).  The statute of
17  limitations begins to run "when the plaintiff knew, or should have
18  known, of the defendant's wrongdoing and can successfully maintain
19  a suit in the district court."  Allen v. United Food & Comm.
20  Workers Int'l Union, 43 F.3d 424, 427 (9th Cir. 1994).

21      Plaintiff alleges that the Union's "blacklisting" continued
22  only through May 2009; however, Plaintiff did not file suit until
23  January 2010.  Therefore, it appears on the face of the Complaint
24  that Plaintiff's claim for breach of the duty of fair
25  representation is barred by the six-month statute of limitations.
26  ///
27  ///
28  ///

**IV.   CONCLUSION**

For the foregoing reasons, the Court (1) converts Defendant's motion for judgment on the pleadings into a motion to dismiss for failure to state a claim, (2) grants the motion, and (3) DISMISSES the Complaint WITH PREJUDICE.

IT IS SO ORDERED.

Dated: June 15, 2010

                                        DEAN D. PREGERSON
                                        United States District Judge